# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

DANIEL J. WIK,

                      Plaintiff,

-vs-                                                  DECISION AND ORDER

RICHARD DOLLINGER, in his individual and official capacity,          12-CV-6399-CJS

                      Defendant.

## INTRODUCTION

**Siragusa, J.** Pending before the Court is a motion to dismiss filed by the Honorable Richard Dollinger ("Defendant"), Notice of Motion, Oct. 23, 2012, ECF No. 2, concerning the complaint filed against him by Daniel J. Wik ("Plaintiff"). Plaintiff's complaint alleges that Defendant, a New York State Supreme Court Justice, allegedly rescinded a writ of habeas corpus that had been issued by another judge and thereby caused Plaintiff to be held longer in custody on a traffic arrest.[1] The accusatory instrument on which Plaintiff was being held was later adjudicated as facially deficient and, according to the complaint, dismissed.

Plaintiff contends that by rescinding the writ of habeas corpus, Defendant is personally liable to him for damages. The Court determines that since Defendant acted in his capacity as a judicial officer, he is entitled to absolute immunity. Therefore, the Court grants his motion to dismiss and directs the Clerk to enter judgment for Defendant.

---

[1] The Court notes that the complaint does not allege the nature of the traffic arrest, but in his affidavit, Plaintiff stated it was for aggravated unlicensed operation of a motor vehicle in the second degree, which, contrary to the complaint's paragraph 34, is a criminal offense.

## BACKGROUND

Plaintiff is a familiar litigant in this Court and brings his sovereign perspective to every case he has filed.[2] For the purposes of analyzing his motion, the Court presumes the factual allegations in his complaint to be true and recites the pertinent facts from that document. Plaintiff was stopped for the above-described traffic violation in New York State on July 27, 2010, and remanded to jail for a total of approximately five days. Compl. ¶¶ 33, 36. The offense with which he was charged is classified as a misdemeanor. N.Y. Veh. & Traff. L. § 511(2)(b) (McKinney's 2014). On July 29, Plaintiff filed a petition for a common law writ of habeas corpus in a New York State court, and the writ was granted by New York Supreme Court Justice Alex R. Renzi on or about July 30, 2010. *Id.* ¶¶ 37–38. The writ was addressed to Gary T. Maha and ordered him to produce Plaintiff on the writ. According to the complaint, that did not occur. Instead, on or about July 30, 2011, Defendant "allegedly rescinded the Writ of Habeas Corpus issued by Judge Alex R. Renzi." Compl. ¶ 42. Plaintiff contends that issuing a writ is a ministerial duty, and that Defendant "has no immunity for ministerial acts." *Id.* ¶¶ 45, 47. He further contends that any New York judge who fails to issue a writ of habeas corpus is personally liable for penalties. Plaintiff further alleges, in conclusory fashion, that Defendant "conspired with others including but not limited to Donald R. Kunego, [and]

---

[2] Plaintiff states he is "a sui juris homo liber, a living, breathing man of the soil domiciled in the republic known as New York, not a federal territory or enclave of the United States, not a resident or citizen, or member of any corporation or body politic including but not limited to the STATE OF NEW YORK, who . . . only appears as a sovereign American National Man, a New Yorker. . . ." Compl. ¶ 1. These allegations are common to Plaintiff's prior complaints, which resemble the type of complaint dealt with in *Meads v. Meads*, 2012 ABQB 571 (Can. Sept. 18, 2012), a decision extensively discussing what the author termed Organized Pseudolegal Commercial Argument litigants. His complaint also protests that he was required to tender a money order to pay the filing fee, objects to the use of Federal Reserve Notes, and argues that the Court's failure to permit him to pay with gold or silver coin of the United States violated his First Amendment rights to petition the government for redress. Compl. ¶ 24. Since this Court is not a defendant, the Court has disregarded that portion of his complaint.

Robert Noonan to deprive Plaintiff of his Liberty, Happiness, due process, and equal protection of the law." Compl. ¶ 55.

Plaintiff's complaint raises thirteen causes of action under just about every Amendment to the Constitution and seeks a declaratory judgment against Defendant as well as injunctive relief.

## STANDARDS OF LAW

*Motion to Dismiss*

Plaintiff is unrepresented by counsel. Accordingly, this Court must follow the requirements of the Second Circuit, which held:

> When considering motions to dismiss a pro se complaint such as this, "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted). This is especially true when dealing with pro se complaints alleging civil rights violations. *See Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). Accordingly, the plaintiffs' allegations in this case must be read so as to "raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

*Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 145-146 (2d Cir. 2002).

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotations omitted). *See also, Iqbal v. Hasty*, 490 F.3d

143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.).When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000).

On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) (*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678–79 (some citations omitted).

"In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in

4

documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir., 1991).

## ANALYSIS

Plaintiff is suing a sitting State judge for "rescinding Plaintiff's Writ of Habeas Corpus. . . ." Compl. ¶ 31. He relies heavily on a provision of New York civil procedure law pertaining to the issuance of a writ of habeas corpus. That law states in pertinent part as follows:

> The court to whom the petition [for a writ] is made shall issue the writ without delay on any day, or, where the petitioner does not demand production of the person detained or it is clear that there is no disputable issue of fact, order the respondent to show cause why the person detained should not be released. . . .
>
> * * *
>
> For a violation of this section in refusing to issue the writ, a judge . . . forfeits to the person detained one thousand dollars, to be recovered by an action in his name or in the name of the petitioner to his use.

N.Y. C.P.L.R. 7003 (McKinney 2014). However, since the complaint alleges that a writ *was* issued, thus, this section is inapplicable to the situation about which Plaintiff is complaining. The complaint, therefore, does not raise a right of relief beyond a speculative level. Although Plaintiff alleges that Defendant "allegedly rescinded" the writ issued by another State judge, he does not allege any factual basis for this allegation, other than to speculate about a conspiracy among three judicial officers. Compl. ¶¶ 42, 55.

While Plaintiff argues that issuance of a writ under section 7003 is a ministerial act (which the Court neither endorses or disputes for the purpose of ruling on this motion), what he does not allege, and what is obvious from the complaint, is that

recission of a writ duly issued by a Supreme Court Justice under section 7003 could only be done by a judicial officer acting in his judicial capacity. As this Court has instructed Plaintiff on two prior occasions, judicial officers acting in their judicial capacities are absolutely immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356, *reh'g denied*, 436 U.S. 951 (1978); *Biven v. Hunt*, 579 F.3d 204, 209–10 (2d Cir. 2009); *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir.1988); *see also Wik v. Kunego*, No. 11-CV-6205-CJS, 2012 WL 4801038 (W.D.N.Y. Oct. 9, 2012) (finding a town justice immune from suit); *Wik v. Swapceinski*, No. 11-CV-6220-CJS, 2012 WL 694754 (W.D.N.Y. Mar. 1, 2012) (finding a town justice immune from suit).

In *Mireles*, the Supreme Court held that judicial immunity "is immunity from suit, not just from ultimate assessment of damages" and "judicial immunity is not overcome by allegations of bad faith or malice, the existance of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 288. Plaintiff's allegations in his complaint of a conspiracy among judicial officers to deny him the a personal appearance on the writ does not overcome judicial immunity. In *Stump*, the Surpeme Court determined that because the judicial officer being sued was presiding over a court of general jurisdiction, "neither the procedural errors he may have committed nor the lack of a specific state statute authorizing his approval of the petition in question rendered him liable in damages for the consequences of his actions." *Id.* at 359–60. Defendant also presides over a court of general jurisdiction. New York Constitution Art. 6, § 7. Therefore, any procedural errors Defendant may have committed in "allegedly recinding" the issued writ do not overcome judicial immunity.

Plaintiff has, once again, brought suit against a judicial officer, well knowing that judicial officers, acting in their judicial capacities, are immune from suit. Plaintiff's attempt to couch Defendant's act as ministerial is disingenious, especially since the face of his complaint acknowledges that another judge issued the writ, and issuance is what Plaintiff argues is the ministerial act. Defendant understandably has asked the Court to enjoin Plaintiff from filing further suits of this nature. However, such a request must comply with the procedure set out in Federal Rule of Civil Procedure 11(c)(2). Consequently, the Court can not issue a filing sanction at this time. However, Plaintiff is cautioned that further suits similar in nature to this one, and the prior two, may result in a financial or injunctive sanction. *See Wik v. Kunego*, No. 11-CV-6205-CJS, 2013 WL 6073633 (W.D.N.Y. Jul. 15, 2013) (sanctioning Plaintiff for filing a frivilous motion for reconsideration).

## CONCLUSION

Defendant's application, ECF No. 2, to dismiss is granted. The Clerk is directed to enter judgment for Defendant and close this case.

DATED:   April 30, 2014
         Rochester, New York

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge